**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ABDIEL F. AVILA, | Civil Action No.: 09-2540(RBK) |
| Plaintiff, | |
| v. | **O P I N I O N** |
| STATE OF NEW JERSEY, et al., | |
| Defendants. | |

**APPEARANCES:**

Abdiel F. Avila, Pro Se
#788891C/636800
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625

**KUGLER**, District Judge

Plaintiff, Abdiel F. Avila, confined at the Camden County Correctional Facility, Camden, New Jersey at the time he filed this complaint, is currently confined at the New Jersey State Prison, Trenton, New Jersey.  Plaintiff seeks to bring this action in forma pauperis, alleging violations of his constitutional rights.

At this time, the Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such

relief.  For the following reasons, the complaint will be dismissed.

## BACKGROUND

Plaintiff seeks to sue the State of New Jersey and Governor Jon S. Corzine, under 42 U.S.C. § 1983 and various other statutes.

According to Plaintiff's "Statement of Claims" in his complaint (Complt., ¶ 6), Plaintiff states that on June 30, 2006, he was arrested under a "patently defective" warrant, in violation of his constitutional rights.  He argues that he was then illegally transported by the Camden County Sheriff's Department, and exposed to "secret detention" and "lack of jurisdiction."  Plaintiff states that he was "committed" to the Camden County Correctional Facility ("CCCF") on July 1, 2006, "which has led to conspiracy to perform such acts to continue to raise 'revenue' through criminal statutes for this 'state's' trust fund."  Plaintiff argues that the indictment(s) against him are "false documents" and that he is being held unconstitutionally.

Plaintiff asks for monetary relief, as well as release from confinement, and injunctive relief.

**DISCUSSION**

**A.    Standard of Review**

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).  Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Torts Claims Act ... many of which are routinely dismissed as legally frivolous." Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996).  A crucial part of the congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. § 1915A, that a court must dismiss, at the earliest practicable time, actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.

In determining the sufficiency of a complaint, the Court must be mindful to construe the facts stated in the complaint liberally in favor of the plaintiff. See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court should "accept as true all of the [factual] allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  While a court will accept well-pled

3

allegations as true, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations.  See id.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47,  (1957), while abrogating the decision in other respects).

The Court of Appeals for the Third Circuit recently provided detailed and highly instructive guidance as to what type of allegations qualify as sufficient to pass muster under the Rule 8 pleading standard.  See Phillips v. County of Allegheny, 515 F.3d 224, 230-34 (3d Cir. 2008).  The Court of Appeals explained, in relevant part:

> [T]he pleading standard can be summed up thus: "stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest" the required element.  This "does not impose a probability requirement at the pleading stage[ ]" but . . . "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element.

Phillips, 515 F.3d at 234 (internal citations omitted).  See also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (when assessing the sufficiency of a complaint, the Court must distinguish

4

factual contentions- which allege behavior on the part of the defendant, that, if true, would satisfy one or more elements of the claim asserted- and "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements").

**B.    42 U.S.C. § 1983**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his or her constitutional rights.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by (1) a person acting under color of state law and (2) that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States.  See Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

C.  **Plaintiff's Claims Will Be Dismissed.**

    1.  Plaintiff's Claims are Barred by *Younger*.

First, Plaintiff's claims regarding ongoing state criminal proceedings are essentially a matter of state law procedure.  It is not generally the role of the federal courts to interfere in pending state judicial proceedings.  A federal court must abstain from addressing requests for injunctive relief against state court proceedings so long as the constitutional issues involved may be addressed adequately in the course of the state proceedings.  See Younger v. Harris, 401 U.S. 37 (1971) (addressing abstention from state criminal proceedings).  The United States Court of Appeals for the Third Circuit has enunciated three requirements that must be met before Younger abstention may be invoked:

> (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims.  Whenever all three of these requirements are satisfied, abstention is appropriate absent a showing of bad faith prosecution, harassment, or a patently unconstitutional rule that will cause irreparable injury to the plaintiff.

Port Auth. Police Benevolent Ass'n Inc. v. Port Auth. Of New York and New Jersey Police Dept., 973 F.2d 169, 173 (3d Cir. 1992) (citing Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989)).

In the instant case, if state proceedings implicating important state interests are ongoing, Plaintiff has the

6

opportunity to raise his instant claims in those proceedings. Thus, Plaintiff must present his complaints about his criminal proceedings to the court in which his action is pending. Therefore, Plaintiff's claims are subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim upon which relief may be granted.

    2.   <u>Plaintiff's Claims Regarding his Underlying Criminal Case and his Request for Release are Barred by *Preiser*.</u>

In a series of cases beginning with <u>Preiser v.Rodriguez</u>, 411 U.S. 475 (1973), the Supreme Court has analyzed the intersection of 42 U.S.C. § 1983 and the federal habeas corpus statute, 28 U.S.C. § 2254.  The Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  <u>Id.</u> at 500.

In this case, to the extent that Plaintiff asserts that his criminal process is proceeding in an unconstitutional manner, and asks for the charges to be vacated and for his release, Plaintiff challenges the fact of his physical imprisonment.  Therefore, in accordance with <u>Preiser</u>, the claims are dismissable for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1).

    3.   <u>The State of New Jersey and Governor Corzine Are Immune from Suit.</u>

The Eleventh Amendment to the United States Constitution provides that, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State."

As a general proposition, a suit by private parties seeking to impose a liability which must be paid from public funds in a state treasury is barred from federal court by the Eleventh Amendment, unless Eleventh Amendment immunity is waived by the state itself or by federal statute. <u>See</u>, <u>e.g.</u>, <u>Edelman v. Jordan</u>, 415 U.S. 651, 663 (1974). The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the type of relief sought. <u>See</u> <u>Pennhurst State School and Hospital v. Halderman</u>, 465 U.S. 89, 100 (1984). Section 1983 does not override a state's Eleventh Amendment immunity. <u>See</u> <u>Quern v. Jordan</u>, 440 U.S. 332 (1979).

Further, the Eleventh Amendment undisputedly bars Plaintiff's claims against Governor Corzine for damages, as defendant Corzine, in his official capacity as the Governor of New Jersey, is certainly a state actor. <u>See</u> <u>Davis v. New York</u>, 316 F.3d 93, 101 (2d Cir. 2002).

Title 28 Section 1915(e)(2)(B)(iii) requires this Court to dismiss this action if it "seeks monetary relief from a defendant

8

who is immune from such relief."  Therefore, for the foregoing reasons, any claims against the State of New Jersey and Governor Corzine must be dismissed, with prejudice.

    4.   False Arrest Claim is Time-Barred.

Plaintiff asserts that he was arrested with a defective warrant on June 30, 2006.  His complaint is dated May 5, 2009.

State law governs the applicable statute of limitations period for § 1983 claims. See Wallace v. Kato, 549 U.S. 384 (2007) (citing Owens v. Okure, 488 U.S. 235, 249-50 (1989)); Cito v. Bridgewater Twp. Police Dep't., 892 F.2d 23, 25 (3d Cir. 1989).  Section 1983 claims are best characterized as personal injury claims and governed by the applicable state's statute of limitations for personal injury claims.  See Cito, 892 F.2d at 25.  New Jersey applies a two-year statute of limitations period for personal injury torts.  See N.J. Stat. Ann. § 2A:14-2.  Thus, a § 1983 claim arising in New Jersey has a two-year statute of limitations.  See Montgomery v. DeSimone, 159 F.3d 120, 126 n.4 (3d Cir. 1998); Cito, 892 F.2d at 25.

A more challenging issue in § 1983 cases is determining the date of accrual—the trigger that typically starts the clock on the state-based statute of limitations.  Accrual of § 1983 claims is a question of Federal law.  See Wallace, 549 U.S. at 388.  Such accrual occurs "when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file

9

suit and obtain relief." Id. (citations and internal quotation marks omitted) (quoting Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal., 522 U.S. 192, 201 (1997) (internal quotations and citations omitted)).  "'Under the traditional rule of accrual . . . the tort cause of action accrues, and the statute of limitations commences to run, when the wrongful act or omission results in damages.  The cause of action accrues even though the full extent of the injury is not then known or predictable.'"  Id. at 391 (quoting 1 C. Corman, Limitation of Actions § 7.4.1. 526-27 (1991)(other citation omitted)).[1]

The Fourth Amendment prohibits "unreasonable searches and seizures." U.S. Const. amend. IV, which "usually requires the police to have probable cause or a warrant before making an arrest."  Herring v. United States, 129 S. Ct. 695, 698 (2009).  Liberally construing the complaint, Plaintiff claims that his arrest and subsequent imprisonment were unlawful.  The statute of limitations for false arrest, a species of false

---

[1]  Although Plaintiff's complaint was received by the Clerk of the Court on May 27, 2009, the complaint was signed and dated by Plaintiff on May 5, 2009, and that date is the date utilized in assessing whether or not Plaintiff has met the statute of limitations. See Houston v. Lack, 487 U.S. 266 (1988) (providing that the date a prisoner delivers his legal filing to prison authorities for mailing is considered to be the date of the court filing); see also Burns v. Morton, 134 F.3d 109, 112 (3d Cir. 1998).  In this case, however, using either date, the complaint remains untimely.

10

imprisonment, begins to run at the time the detainee is held pursuant to legal process (e.g., when bound-over by a magistrate judge or arraigned).  See Wallace, 549 U.S. at 389-90.  Although the complaint does not state when Plaintiff made his first appearances before a New Jersey court relative to his arrest, there is nothing in the complaint to suggest a court appearance was long after these arrests, considering Plaintiff was remanded to the CCCF the day after his arrest.  Under Wallace, Plaintiff's false arrest claim accrued, and the statute of limitations began to run, at the time of those appearances.  See id. at 389-90, 392-93 (holding that the accrual of a false arrest claim is not deferred under the Court's analysis in Heck v. Humphrey, 512 U.S. 477 (1994)).

   Plaintiff's complaint is dated May 5, 2009, and his arrest was on June 30, 2006.  Even in the highly unlikely event Plaintiff was not brought before a Court for a full week following his arrest, his claims are still long past the two-year statutory period.  Plaintiff alleges no facts or extraordinary circumstances that would permit statutory or equitable tolling under either New Jersey or federal law.  Thus, Plaintiff's claims appear to be time-barred and will be dismissed.

## **CONCLUSION**

For the reasons set forth above, Plaintiff's complaint is dismissed as to all defendants. An appropriate order follows.


                                                  s/Robert B. Kugler  
                                                ROBERT B. KUGLER  
                                                United States District Judge

Dated: August 10, 2009